# United States Court of Appeals
### For the Eighth Circuit

_____

No. 14-1820

_____

United States of America

*Plaintiff - Appellee*

v.

Adetokunbo Olubunmi Adejumo

*Defendant - Appellant*

_____

Appeal from United States District Court
for the District of Minnesota - St. Paul

_____

Submitted: November 13, 2014
Filed: February 5, 2015

_____

Before MURPHY, MELLOY, and BENTON, Circuit Judges.

_____

MURPHY, Circuit Judge.

Adetokunbo Adejumo pled guilty to bank fraud and aggravated identity theft and was sentenced to 124 months in prison. A year after he was sentenced, the United States moved to amend the judgment. It sought to add a restitution obligation of $1.1 million; in support it provided a single page exhibit containing the names of four asserted victim banks and amounts owed to each. Although Adejumo's trial counsel received electronic court filing (ECF) notice of this motion, he did not respond to the

motion nor inform Adejumo of it. The district court entered the requested restitution order. Two months later it denied Adejumo's motion to reopen or for reconsideration. Adejumo appeals, and we reverse.

Adejumo pled guilty to one count of bank fraud and one count of aggravated identify theft. The plea agreement did not set a mandatory restitution amount; instead it stated that the district court would determine the amount at sentencing. In the agreement Adejumo did not waive his ability to present argument on the amount of the loss to the victims. When the court sentenced Adejumo on August 15, 2012, it did not specify any restitution amount or payees.

On September 4, 2012, Kenneth Udoibok, Adejumo's counsel in the district court, filed his own motion to withdraw. Udoibok later filed a notice of withdrawal of his earlier motion on September 10, stating he was withdrawing his motion because Adejumo had filed a pro se appeal in the Court of Appeals and jurisdiction had been transferred to the Eighth Circuit where Adejumo would be represented by substitute counsel.

We granted Udoibok's motion to withdraw as appellate counsel on September 18. On the same day we appointed Jordan Kushner under the Criminal Justice Act to serve as Adejumo's counsel. Notice of the change in counsel was served on both the government and the district court. The district court's electronic court filing system retained Udoibok as the counsel of record, however. In July 2013 Kushner filed Adejumo's appellate brief and provided a copy to the government.

On August 15, 2013, the government filed a motion in the district court to amend its judgment to order restitution for victims in the amount of $1,106,931. Notice of that motion was provided only to Udoibok, however, not to Kushner. Attached to the motion was a single page document which listed four banks and the sums purportedly owed to each by the defendants; Adejumo was listed as jointly and

severally liable. Adejumo did not respond to the motion, and on August 29, 2013 the district court entered an amended judgment ordering Adejumo to pay $1.1 million in restitution.

Two months later, Adejumo learned about the restitution order entered against him from his prison counselor. Adejumo then informed Kushner, who filed a notice of appearance in the district court on October 30, 2013. Also on the same date, Kushner filed Adejumo's motion to reopen and for reconsideration of the restitution order. Kushner attached a declaration in which he acknowledged that Udoibok had until that time been listed in the district court as Adejumo's attorney of record, also stating that Udoibok had deleted all ECF notices without reviewing them or informing Adejumo about them.

On March 26, 2014 the district court denied Adejumo's motion to reopen after concluding that it lacked jurisdiction to alter the final judgment because Adejumo had not filed his motion within 14 days of the court entering its amended judgment. See Fed. R. Crim. P. 35(a). The court concluded that neither it nor the government had "failed to provide the notice due to Defendant under the due process clause and various statutes." The district court also stated, however, that "[i]f this Order is appealed to the Eighth Circuit Court of Appeals, this Court is hopeful that the Court of Appeals might remand the matter of restitution to this Court to be reopened, so that Defendant is granted notice and the opportunity to be heard on the issue of restitution."

Although Adejumo appeals from the denial of the motion to reopen, he also argues that the very entry of the restitution order violated his due process and statutory rights and that the delay in ordering restitution violated the 90 day deadline set in 18 U.S.C. § 3664(d)(5). In Dolan v. United States, 560 U.S. 605, 608 (2010), the Supreme Court held that missing the 90 day deadline for ordering mandatory restitution does not deprive a court of the ability to enter such an order. In Dolan the

total restitution amount had been identified in a report by the probation office within 90 days after sentencing.  Id. at 609.  In the case now before our court the government did not identify the requested restitution amount until one year after sentencing, and no probation report was issued.

The First Circuit confronted a very similar scenario in United States v. Cheal, 389 F.3d 35 (1st Cir. 2004).  There, as here, the district court entered an amended judgment which imposed restitution obligations after the defendant had appealed her conviction.  The circuit court had allowed Cheal's trial counsel to withdraw and had also appointed a new attorney to represent her on appeal.  Id. at 50.  Notice of the motion to amend and the amended restitution judgment were provided to Cheal's trial counsel, and the defendant filed no opposition to restitution in the district court.  Id. The defendant challenged the restitution order raising a due process claim.  Id. at 50.  The court acknowledged that "[t]he absence of [proper] notice is a serious matter," but ultimately concluded that the due process claim could not succeed;  "despite the regrettable problems with notice of the proposed restitution order,"  the claim failed because the defendant had failed to make any showing of the challenge she would make to the order.  Id. at 50–51.

Before a judicial deprivation of property can take place, due process requires "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314 (1950).  The unique circumstances here include the appointment of new counsel in our court, Udoibok's withdrawal of his motion to withdraw as counsel in district court stating that he anticipated future action by substitute counsel, and a one year delay before the government moved to add a restitution obligation.  We conclude that the notice provided to Adejumo prior to the entry of the restitution order was not reasonable under the circumstances.

Adejumo argues that the entry of restitution failed to comply with 18 U.S.C. § 3664, which governs the procedure for issuance of orders of restitution. Section 3664(a) provides in full that:

> For orders of restitution under this title, the court shall order the probation officer to obtain and include in its presentence report, or in a separate report, as the court may direct, information sufficient for the court to exercise its discretion in fashioning a restitution order. The report shall include, to the extent practicable, a complete accounting of the losses to each victim, any restitution owed pursuant to a plea agreement, and information relating to the economic circumstances of each defendant. If the number or identity of victims cannot be reasonably ascertained, or other circumstances exist that make this requirement clearly impracticable, the probation officer shall so inform the court.

Section 3664(e) elaborates that the restitution amount is to be determined by the court by a preponderance of the evidence and that the government bears the burden "of demonstrating the amount of the loss sustained by a victim as a result of the offense."

The requirements of § 3664 were not met in this case. The probation office did not provide any guidance or information about restitution in its presentence report, nor in a separate report. The presentence report stated that as of its writing "the victims' losses remain[ed] pending." The government argues unpersuasively that this statement satisfied the requirements of § 3664 and thereby eliminated the need for a report containing sufficient information. At no time did the probation officer inform the court that the number or identity of victims could not be ascertained, nor that circumstances existed which would have made the requirement of § 3664(a) "clearly impracticable."

In this case the district court lacked "information sufficient" to fashion a

restitution order as required by § 3664(a).  The only evidence the government provided to support its motion for restitution was a single page which listed four victim banks, amounts purportedly owed to each, and the defendants with whom Adejumo is said to be jointly and severally liable.  We have recognized that such invoices "ostensibly identifying the amount of loss without further explanation are insufficient."  United States v. Haileselassie, 668 F.3d 1033, 1037 (8th Cir. 2012) (internal quotation marks omitted).  No presentence report detailing restitution information issued, and no hearing was held.  Thus, information of the type contemplated by § 3664(a), such as "a complete accounting of the losses to each victim" was not available to the court when it ordered restitution in the amount of $1.1 million from Adejumo.

Sufficient information for the entry of a restitution order may be produced by witness testimony at a hearing or sworn victim statements outlining the losses which resulted from the crime.  United States v. Adetiloye, 716 F.3d 1030, 1039 (8th Cir. 2013).  Restitution orders may not be based only on speculation, however.  See id.  On remand, the district court will have the opportunity to hold a hearing at which Adejumo will be represented by counsel and the United States can meet its burden of demonstrating loss amounts in compliance with the requirements of 18 U.S.C. § 3664.

For these reasons we reverse.  We also remand the case for the district court to hold a hearing for which Adejumo should have notice and an opportunity to be heard on the issue of restitution.

_____